UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN E.,

           Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

           Defendant.

CASE NO. C18-5048-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda, this matter is AFFIRMED.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1985.[1] He completed high school and one year of college. (AR 48-49.) He has performed some part-time jobs, but nothing rising to the level of "past relevant work." (AR 31, 48-50, 69.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff protectively filed a DIB application on May 29, 2014 and an SSI application on October 13, 2015, alleging disability beginning April 25, 2014. (AR 165-67, 175-80.) His applications were denied at the initial level and on reconsideration.

On July 13, 2016, ALJ S. Andrew Grace held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 42-77.) On October 21, 2016, the ALJ issued a decision finding plaintiff not disabled. (AR 21-33.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on November 22, 2017 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's degenerative disc disease, major depressive disorder, and generalized anxiety disorder severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform

ORDER
PAGE - 2

a range of light work, with the following limitations: lift and/or carry twenty pounds occasionally and ten pounds frequently; stand and/or walk and sit six hours in an eight-hour workday, with the ability to change position from sitting to standing or from standing to sitting approximately every thirty minutes; never climb ladders, ropes, or scaffolds; occasionally climb ramps and stairs, balance, stoop, kneel, and crouch; never crawl; must avoid concentrated exposure to hazards, such as moving machinery and unprotected heights; and limited to simple, routine, repetitive tasks, consistent with unskilled work. Plaintiff had no past relevant work to consider in relation to the RFC.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs, such as work as a cashier II or small products assembler.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff avers error in assessing his symptom testimony and medical opinions, and resulting errors in the RFC and at step five. He requests remand for an award of benefits or, alternatively, further proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

Symptom Testimony

The rejection of a claimant's subjective symptom testimony[2] requires the provision of specific, clear, and convincing reasons. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). The ALJ may consider a claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ here found plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not consistent with the medical and other evidence of record. He provided several specific, clear, and convincing reasons in support of that conclusion.

The ALJ considered plaintiff's testimony he had pain in all areas of his back, but had not discussed surgery or conservative treatment with his doctors. (AR 27.) He did not take pain medication due to his difficulty swallowing pills, but this did not account for the lack of other treatments, such as pain relief steroid injections, use of a TENS unit, or surgical correction. Despite the absence of significant treatment, plaintiff alleged he could only stand for thirty minutes

---

[2] While the Social Security Administration (SSA) eliminated the term "credibility" from its sub-regulatory policy addressing symptom evaluation, *see* Social Security Ruling 16-3p, case law containing that term remains relevant.

ORDER
PAGE - 4

and sit for thirty minutes before needing to change positions. The record reflected almost no treatment for back pain, other than chiropractic treatment and physical therapy, and plaintiff "sought routine health maintenance treatment, rather than treatment for significant pain management." (AR 28.) Plaintiff has also "stated he feels quite well, and at times he has even stated his back feels good." (*Id*.) While identifying problems swallowing pills, plaintiff was using medication to treat mental health symptoms and stopped only because of side effects, not due to difficulty swallowing. Considering plaintiff's "only routine, conservative, and sporadic treatment for his back disorder," the ALJ found the medical evidence did not support the significant physical restriction alleged. (*Id*.) He found even less documentation associated with plaintiff's mental health, noting plaintiff had not sought counseling during the period at issue, "because he tries to handle his mental health condition by himself." (AR 29.)

Plaintiff points to his testimony he took medication for his mental health symptoms in liquid form, utilizing an oral concentrate diluted in water. (AR 57.) He argues his choice of treatment should not be held against him, noting he told his providers the chiropractic work and physical therapy were helpful (AR 64, 461), and that no doctor recommended more extreme treatment, such as surgery (AR 51). Plaintiff also notes the ALJ's failure to identify and address his testimony he needed to lie down twenty minutes a day. (AR 63-64.)

The ALJ erred in identifying a conflict between plaintiff's explanation for not taking pain medication for his back and his use of medication, in liquid form, for his mental health symptoms. However, given the other valid reasons for discounting plaintiff's symptom testimony, this error was harmless. *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). The ALJ, for example, reasonably considered that plaintiff's difficulty swallowing pills did not preclude the use of other treatment options, as well as evidence of his symptom reporting,

ORDER
PAGE - 5

*see Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms).

Nor did the ALJ otherwise err in considering treatment. An ALJ properly considers evidence associated with treatment, 20 C.F.R. § 416.929(c)(3), Social Security Ruling (SSR) 16-3p, including unexplained or inadequately explained lack of treatment, *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005), use of conservative or minimal treatment, *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999), and favorable response to conservative treatment, *Tommasetti*, 533 F.3d at 1039-40.

Plaintiff cites to *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007), in challenging the ALJ's consideration of his treatment. (Dkt. 14 at 10, 12.) In that case, the Ninth Circuit recognized the failure to seek treatment may not serve as a proper basis for rejecting symptom testimony in cases "where the stimulus to seek relief is less pronounced, and where medical treatment is very unlikely to be successful," and found nothing suggesting adherence to an 1800 calorie-per-day diet would have eliminated or ameliorated the claimant's obesity. *Orn*, 495 F.3d at 638. Considering the claimant's testimony he could not afford more treatment, the Court noted disability benefits could not be denied based on a failure to obtain treatment due to a lack of funds. *Id*. However, in this case, plaintiff did not identify a lack of funds or other reason for his failure to pursue further treatment. Nor is it apparent additional treatment would not have been helpful. The ALJ reasonably contrasted plaintiff's testimony with his sporadic, routine, conservative, and in some respects successful treatment.

In addition, the ALJ sufficiently described plaintiff's testimony and properly assessed the testimony as a whole. Error is not shown by the failure to assess each and every statement made.

ORDER
PAGE - 6

*See generally Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1102-03 (9th Cir. 2014) (finding one-sentence, boilerplate finding insufficient; while the analysis "need not be extensive, the ALJ must provide some reasoning" to allow for a meaningful determination the conclusions are supported by substantial evidence."); *Bunnell v. Sullivan,* 947 F.2d 341, 345-46 (9th Cir. 1991) (findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the testimony on permissible grounds and did not 'arbitrarily discredit a claimant's testimony regarding pain'") (quoted source omitted).

The ALJ also properly considered the symptom testimony in relation to the medical evidence. While subjective testimony may not be rejected based solely on an absence of full corroboration by objective medical evidence, medical evidence remains a relevant factor. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Symptoms diminish capacity for basic work activities only to the extent the alleged functional limitations and restrictions "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529 (c)(4), 416.929(c)(4). An ALJ may reject testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle*, 533 F.3d at 1161; *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ acknowledged the existence of objective evidence, but found plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms not entirely consistent with or supported by the medical evidence. While plaintiff reported chronic back pain and stiffness to Dr. Diana Velikova in records dated around the alleged onset date, he sought treatment in relation to reported dizziness, nausea, weakness, and sweats related to anxiety. (AR 27, 309-14; *see* AR 311 ("Main concerns are nausea, anxiety, abdominal pain.")) Imaging studies in September 2014 revealed no improvement in the lumbar spine since studies taken in 2006, but

ORDER
PAGE - 7

also showed no nerve root compression. (AR 27-28, 298-99, 396-97.) Plaintiff had difficulty with hip and knee extension in a September 2014 examination by nurse practitioner Nancy Armstrong, but also other normal range of motion (ROM) findings, and he had generally mild symptoms in an October 2014 psychological examination. (*Id.* (citing AR 40, 393, 402-04).) In a June 2016 examination by Dr. Littu Skariah, plaintiff did not have muscle weakness and reported no arthralgias, joint pain, back pain, or swelling. (AR 27, 451).)

Plaintiff contends the ALJ impermissibly "played doctor" and should have deferred to the opinion of non-examining source Dr. Brent Packer. However, "the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). *Accord Treichler*, 775 F.3d at 1098; *Carmickle*, 533 F.3d at 1164. When evidence reasonably supports either confirming or reversing the ALJ's decision, a court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). Where there is more than one rational interpretation, the ALJ's interpretation of the evidence must be upheld. *Morgan v. Commissioner of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ identified evidence reasonably supporting his conclusion and rationally interpreted the evidence as a whole. The ALJ also gave plaintiff the benefit of the doubt by including in the RFC the need to only stand for thirty minutes at a time and sit for thirty minutes before needing to change positions. (AR 28.) He observed that, even if he found plaintiff's back condition more serious and requiring a limitation to sedentary work, the VE identified jobs existing in significant numbers plaintiff could perform. (AR 29.) The Court, as such, finds no error in the ALJ's consideration of the medical evidence and symptom testimony.

The ALJ, finally, found evidence of plaintiff's activities, including his ability to stay

ORDER
PAGE - 8

engaged in church activities, attend weekly meetings, and walk around for extended periods and spend time with others for his ministry, inconsistent with his testimony as to the degree of his limitation. (AR 27-28.) This provided an additional specific and legitimate reason for rejecting plaintiff's testimony. *Orn*, 495 F.3d at 639 (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). For this reason, and for the reasons stated above, the ALJ's assessment of plaintiff's subjective symptom testimony is supported by substantial evidence.

Medical Opinions

Plaintiff avers error in the assessment of the medical opinions of non-examining "acceptable medical source" Dr. Packer and examining "other source" ARNP Armstrong.[3] Because the record contained contradictory physician opinions from non-examining State agency physicians Drs. Leslie Arnold and Dennis Koukol, the ALJ could reject the opinion of Dr. Packer with specific and legitimate reasons, supported by substantial evidence in the record. *Lester*, 81 F.3d at 830-31. The opinion of nurse practitioner Armstrong was entitled to less weight than the opinion of a physician, *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996), and could be discounted with germane reasons, *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). The Court, for the reasons set forth below, finds sufficient reasons for rejecting the opinions of both Dr. Packer and Armstrong.

In a form completed on behalf of Washington's Department of Social & Health Services (DSHS) on September 23, 2014, Armstrong assessed plaintiff as severely limited, meaning unable

---

[3] New regulations, applicable to claims filed after March 27, 2017, include advanced practice registered nurses, audiologists, and physician assistants as acceptable medical sources, and recognize other licensed heath care workers as "medical sources" and other sources of evidence as "nonmedical sources." 20 C.F.R. §§ 404.1502, 416.902.

ORDER
PAGE - 9

to meet the demands of sedentary work.  (AR 391-92, 400.)  An attached chart reflects limited ROM in plaintiff's back and neck, "cannot do" in regard to hips and knees, and otherwise normal ROM. (AR 40, 393.)  A record of Armstrong's examination documents neck and low back pain and a positive Romberg sign.  (AR 400.)

Dr. Packer, on September 22, 2015, reviewed medical records on behalf of DSHS, including the form and record from Armstrong, a September 24, 2014 MRI, and a September 13, 2015 examination record from nurse practitioner Patricia Lynch documenting tenderness, limited/reduced ROM, and a positive straight leg raise test. (AR 419.)  Dr. Packer found plaintiff limited to less than sedentary work activity, and unable to sustain sedentary work for even brief periods or to sit for most of the day without frequent position changes or substantial employer accommodation.  (AR 419.)  He described the MRI as "compelling for L1-2 pathology including wedge [fracture] and L sided foraminal disc protrusion that may well affect the nerve root if progressed."  (*Id*.)  Considering the positive straight leg raise test (AR 460-61), it was "reasonable to conclude progressive severity approaching or meeting the level of SSA listing 1.04A."  (AR 419.)  Dr. Packer stated:  "This would agree with the 2014 opinion by ARNP Armstrong, with no significant current change."  (*Id*.)  He recommended "benefit to [claimant] as 'unable to sustain' pending further treatment as warranted."  (*Id*.)

Drs. Arnold and Koukol, on October 8, 2014 and February 4, 2015 respectively, found plaintiff could lift and/or carry fifty pounds occasionally and twenty-five pounds frequently, sit, stand, and/or walk up to six hours, frequently perform postural activities and climb ramps and stairs, but never climb ladders, ropes, or scaffolds, and needing to avoid hazards.  (AR 83-85, 94-96.)  The ALJ assigned these opinions significant weight, finding general consistency with the medical evidence showing no significant back pain, the general lack of consistent treatment, and

the imaging studies reflecting a mild to moderate lumbar disc disorder, but not a disorder that would prevent full time work. (AR 29.) However, the ALJ limited plaintiff to light work, with position changes, based on additional records received after they rendered their opinions.

The ALJ assigned the opinions of Armstrong and Dr. Packer limited weight. Armstrong "submitted a check box form with no supporting explanation." (*Id*.) It was not consistent with the medical records or level of treatment sought by plaintiff throughout the period at issue. (AR 29-30.) There was a single imaging study within that period and plaintiff had not sought pain management treatment from a medical doctor for his back disorder. (AR 30.) While he obtained chiropractic care and sought physical therapy, there was no indication he sought other therapies, such as pain medication, steroid injections, or surgical correction. Armstrong's examination did not appear thorough, and her opinion seemed to be based in large part on plaintiff's allegation he was unable to perform many of the requested exercises, rather than on actual clinical findings. Armstrong "is not an acceptable medical source who can diagnose an impairment" and, while Dr. Packer is an acceptable medical source, he did not examine plaintiff and his opinion seemed to be based solely on the report from Armstrong, which was not based on significant clinical findings. The ALJ found the opinions of Drs. Arnold and Koukol more consistent with the evidence, which showed a back impairment not more restrictive than accounted for in the RFC.

Plaintiff objects to the ALJ's reliance on the opinions of Drs. Arnold and Koukol over the opinions of Dr. Packer and Armstrong. Dr. Arnold cited only an MRI from 2006 and could not have reviewed more recent treatment records. (AR 81.) Dr. Kuokol did not indicate any review of the 2014 MRI or any evidence beyond that considered by Dr. Arnold. (*See* AR 88-96.) Neither reviewed the records from Armstrong or Lynch.

Plaintiff contends the ALJ failed to sufficiently acknowledge the deterioration in his

ORDER
PAGE - 11

condition shown by the 2014 MRI, including disc protrusion and annular tear "slightly more prominent as compared to the prior study." (AR 397.) This, together with the examination findings of Armstrong and Lynch contributed to Dr. Packer's assessment of progressive severity. Plaintiff contends the State agency physicians were underinformed by comparison. He denies Dr. Packer relied too substantially on the opinion of Armstrong and asserts that, even if Armstrong had relied on his subjective reports, Dr. Packer cited to Armstrong's interpretation of the MRI and disagreed in part with Armstrong's conclusions. Plaintiff also rejects any reliance by the ALJ on the previously described treatment notes from Drs. Velikova and Skariah, noting both of these physicians worked in concert with Lynch and Armstrong and neither raised concerns regarding the veracity of plaintiff's reporting.

Plaintiff likewise objects to the sufficiency of the reasons for rejecting the opinion of Armstrong. Her status as a nurse practitioner did not serve as a reason to reject her opinion. Plaintiff denies Armstrong relied on his subjective reporting, pointing to her consideration of the 2006 lumbar spine MRI and thoracic and chest x-rays (AR 40)[4] and her ROM testing (*see* AR 39-40, 391-92), the latter of which he maintains the ALJ ignored. He rejects the ALJ's criticism of the examination based on Armstrong's observation he could not perform all ROM tests. (AR 393 ("cannot do").) Plaintiff also rejects the characterization of the report as check-box, stating it was a summary based on record review and testing, and asserting its consistency with nursing, chiropractic, and physical therapy records. He again takes issue with the criticism of his choice of treatment given that no physician suggested more extreme treatment would be successful and his lifelong difficulty swallowing pills.

---

[4] Plaintiff initially argued Armstrong considered the 2014 MRI, but conceded in reply this was not the case given that that MRI came after Armstrong's report.

ORDER
PAGE - 12

The ALJ provided several germane reasons for rejecting Armstrong's opinion, including the absence of an explanation supporting the check box form, inconsistency with the medical record and the minimal treatment sought, and apparent reliance on plaintiff's subjective reporting. *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4) (the more relevant evidence and the better an explanation provided in support of an opinion, and the more consistent an opinion is with the record as a whole, the more weight that opinion will be given); *Molina*, 674 F.3d at 1111 (ALJ may reject check-off reports not containing explanations for conclusions); and *Tommasetti*, 533 F.3d at 1041 (ALJ may reject an opinion based on inconsistency with the record or where based to a large extent on self-reports properly discounted by the ALJ). *See also Batson v. Commissioner*, 359 F.3d 1190, 1195 (9th Cir. 2004) (treating physician's opinions properly discounted when it is "in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of [the claimant's condition], and was based on [the claimant's] subjective descriptions of pain[,]" as well as when that opinion is "conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings[.]") The ALJ's failure to describe the results of each ROM exercise does not demonstrate he failed to consider all of the results. Armstrong failed to provide an explanation for her conclusion, could not have considered the later 2014 MRI and subsequent examination findings of Dr. Skariah and Lynch, and her chart note can be rationally interpreted to reflect her reliance on plaintiff's report he could not perform various ROM exercises. The Court further finds no reversible error in the ALJ's recognition of Armstrong's status as an "other source."

As plaintiff observes, Dr. Packer did not rely solely on Armstrong's report. Dr. Packer considered other evidence, including the 2014 MRI, positive Romberg sign from Armstrong, and positive straight leg test from Lynch. (AR 419.) However, the ALJ can be said to have reasonably

ORDER
PAGE - 13

concluded Dr. Packer seemed to base his opinion in significant part on the report from Armstrong. (*See id.* (the conclusion plaintiff's condition was approaching or meeting listing level severity "would agree with the opinion by ARNP Armstrong, with no significant current change.")) The Court finds the overstatement as to the extent of the reliance on Armstrong's report harmless error. *Molina*, 674 F.3d at 1115 (ALJ's error may be deemed harmless where it is "'inconsequential to the ultimate nondisability determination.'"; the court looks to "the record as a whole to determine whether the error alters the outcome of the case.") The ALJ's decision reflects his determination that Dr. Packer's opinion, like the opinion of Armstrong, was inconsistent with the medical evidence and the evidence of treatment, and that it placed too much significance on a report which lacked the support of significant clinical findings. These serve as specific and legitimate reasons for assigning little weight to the opinion of Dr. Packer. *See* 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4); *Molina*, 674 F.3d at 1111; *Tommasetti*, 533 F.3d at 1041; and *Batson*, 359 F.3d at 1195.[5]

Moreover, while assigning greater weight to the opinions of the other non-examining physicians of record, the ALJ did not adopt those opinions in full. The ALJ, instead, found plaintiff more limited than Drs. Arnold and Koukol opined given the evidence received after they rendered their opinions. The record contains substantial evidence support for the ALJ's decision to find plaintiff more capable than assessed by Armstrong and Dr. Packer, but more limited than found

---

[5] The Commissioner counters plaintiff's assertion of consistency between the opinion of Dr. Packer and the findings of Armstrong and Lynch with other findings in the record, such as Dr. Velikova's April 2014 finding of no neurological deficits and a negative Romberg's sign (AR 304) and the absence of neurological deficits found and plaintiff's denial of back pain and other symptoms to Dr. Skariah in June 2016 (AR 451-56). However, this analysis is not included in the ALJ's decision. Nor did the ALJ clearly link the assessment of Dr. Packer's opinion to an earlier rejection of an argument by counsel that, based on the opinion of Dr. Packer and the positive straight leg test, plaintiff met the criteria of listing 1.04. (AR 28 ("[T]his is not an accurate reading of the listing. Positive straight leg raise testing is insufficient without accompanying motor loss, as required by the listing."))

ORDER
PAGE - 14

by Drs. Arnold and Koukol.

### Steps Four and Five

Plaintiff argues that, given the errors in the consideration of his symptom testimony and the medical opinions, there is a lack of substantial evidence support for the RFC, VE hypotheticals, and step five finding. This mere restating of plaintiff's arguments does not establish error at step four or step five. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

### **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 6th day of November, 2018.

Mary Alice Theiler
United States Magistrate Judge